UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

No. 1:02CV224-T

| | |
|---|---|
| LOCAL 2-1971 OF PACE INTERNATIONAL UNION; PAPER ALLIED-INDUSTRIAL, CHEMICAL & ENERGY WORKERS INTERNATIONAL UNION, on behalf of members and former member participants in pension plans sponsored by the Defendants; JOY M. O'DELL, RAYMON C. GALLOWAY, JAMES F. SUMNER, W. HARRISON WHITLOCK, HUEY W. HARRIS and GURLIE R. OWEN, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LANGDON M. COOPER, Trustee in Bankruptcy for RFS Ecusta, Inc., and WACHOVIA BANK, N.A. | ) ) ) |
| Defendants. | ) ) ) |

**ORDER <u>IN THE ERISA CASE ONLY</u> AUTHORIZING MERGER OF RFS ECUSTA, INC., RETIREMENT PLANS INTO AND WITH THE PACE INDUSTRY UNION-MANAGEMENT PENSION FUND, and DISMISSING THE ERISA CIVIL ACTION**

The Court having read and considered the Stipulation and Agreement for Merger of the RFS Ecusta, Inc., Hourly and Salaried Retirement Plans (the "Plans") with and into the PACE Industry Union-Management Pension Fund, as duly filed in this case, and with all parties consenting, and with good cause appearing, the Court finds and concludes as follows:

1. The Plans are employee pension plans as defined under Section 3(2) of ERISA, these Plans and their Trusts which created the Plans are qualified under Section 401(a) of the Internal Revenue Code (the "Code") and are exempt from taxation under Section 501(a) of the Code, and the Plans are authorized by their Trust Agreements to hold assets and provide benefits to eligible participants and beneficiaries.

2. The Plans have full power to carry out the transactions provided for in the Merger Agreements; Interim Administrator Myra Cooper (so appointed by this Court on 20 November 2003) shall execute and deliver all documents required to effect the consummation of the merger, and once so executed and delivered all Trust and trustee action and other proceedings required to be taken by or on the part of the Plans to authorize them to execute and deliver the Merger Agreements and to consummate the transactions contemplated therein are deemed to have been duly and validly taken; and the Merger Agreements and the Resolutions of Merger referred to in the Merger Agreements are authorized by this Court and deemed to have been duly and validly authorized and executed by the Plans and/or their Trusts and constitute valid and binding obligations of the Plans and their Trusts.

3. The execution and delivery by the Plans of the Merger Agreements and the Resolutions of Merger, consummation by the Plans of the transactions contemplated therein and compliance by the Plans with the provisions thereof will be in compliance with this Court's Order and will not conflict with or result in a breach of any provisions of their Trust Agreements, as amended, or constitute a default (or give rise to a right of termination, cancellation or acceleration) under any of the terms, conditions, or provisions of any agreement or any other instrument known to this Court, or violate any

Order of this Court.

4.      It is in the best interest of the participants of the Plans that the merger of the Plans with and into the PACE Industry Union-Management Pension Fund be consummated forthwith.

It is, therefore, **ORDERED** that the merger of the Plans into and with the PACE Industry Union-Management Pension Fund is approved; it is further

**ORDERED** that Wachovia Bank, N.A., shall transfer the Plans' assets to the PACE Industry Union-Management Pension Fund, and take whatever other steps are necessary to complete the merger process, including prior to the transfer of assets payment of its final fees and expenses and payment of the final billing and expense statements of Trustee Langdon Cooper, consultant AON, Inc., and Interim Plans' Administrator Myra Cooper; it is further

**ORDERED** that Interim Plans' Administrator Myra Cooper is released from any liability for serving as Interim Administrator, except for any intentional adverse criminal act, and she is directed to sign all necessary merger-related documents and to turn over all records and data related to the Plans to the representative of the PACE Industry Union-Management Fund, and she is released from further responsibility for administration of the Plans; and it is further

**ORDERED** that the ERISA portion of case no. 1:02CV224-T is hereby **DISMISSED**, with each party to bear its costs.

Signed: February 27, 2006

Lacy H. Thornburg
United States District Judge